IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MALCOLM WEBB | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv259 |
| D. HOLCOMB | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Malcolm Webb, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this lawsuit pursuant to 42 U.S.C. § 1983 against D. Holcomb, a correctional officer. Plaintiff alleges the defendant used excessive force against him. The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion for summary judgment filed by plaintiff.

Factual Allegations

Plaintiff alleges that the defendant was among a group of officers who assaulted him on August 28, 2020. He states that as he was waiting for an officer to open the door so he could return to his pod, an officer ran up to him and told him to place his hands behind his back. Plaintiff backed away and asked the officer why he needed to put his hands behind his back.

Plaintiff states the officer continued to walk towards him and told him again to place his hands behind his back. He then, while still backing away, told the officer he would not comply with the order.

Plaintiff alleges that at this point four or five officers rushed towards him and pushed him against the wall. One of the officers punched him in the face. As plaintiff attempted to get away, he was punched on the right side of his face. Plaintiff states the officers then threw him on the ground and continued to punch him in the face. He asserts that when the officers placed him in handcuffs, his left wrist was twisted. Finally, plaintiff states that when they were removing him from the building, the officers ran him head first into the metal dividers which were used for doors in the pod.

## Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] The substantive law identifies which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving that there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Independent School District*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party

---

[1] This language reflects the amendments to the Federal Rules of Civil Procedure which came into effect on December 1, 2010. These amendments moved language from Rule 56(c) to Rule 56(a) and changed the Rule to read "genuine dispute as to any material fact," rather than "genuine issue as to any material fact." As the Committee Note to Rule 56 makes clear, the new language "carries forward the summary judgment standard expressed in former subdivision (c)."

must show that summary judgment is inappropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 316 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

Analysis

*Excessive Use of Force*

The use of excessive force against a convicted prisoner violates the Eighth Amendment. *Hudson v. McMillan*, 503 U.S. 1, 5 (1989). The core judicial inquiry in an excessive use of force case is whether the defendant used force maliciously and sadistically, for the very purpose of causing harm, or in a good faith effort to maintain or restore discipline. *Kitchen v. Dallas County*, 759 F.3d 468, 477 (5th Cir. 2014). In considering this issue, courts are instructed to consider the following factors: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the defendant and (5) any efforts made to temper the severity of a forceful response. *Id*. (citing *Hudson,* 503 U.S. at 7).

*Application*

Applying the *Hudson* factors in this case is difficult because plaintiff makes no specific allegations as to what the defendant did during the altercation. Instead, plaintiff alleges the defendant was part of a group who used excessive force against him.

The extent of the injury is unclear, as plaintiff does not describe the injuries he suffered. As plaintiff admits he failed to obey an order, there could have been a need for some application of force. It is impossible to determine the relationship between the need for force and the amount of force used because it is not clear what actions were taken by the defendant. Plaintiff's allegations indicate that the amount of force exceeded the need for force, but it is not clear whether the force used by the defendant exceeded the amount of force needed. Again, plaintiff's admission that he refused to obey an order indicates the defendant could have reasonably perceived a threat. Finally, without specific allegations concerning the defendant's actions, it cannot be determined whether he made any effort to temper the severity of his action.

At this juncture, three of the five *Hudson* factors cannot be applied. Two of the *Hudson* factors at this point appear to weigh against plaintiff. As a result, it cannot be concluded plaintiff has demonstrated there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. His motion for summary judgment should therefore be denied.

## Recommendation

Plaintiff's motion for summary judgment should be denied.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

Failure to object bars a party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and

legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED this 27th day of February, 2024.

_____
Zack Hawthorn
United States Magistrate Judge